RECEIPT NUMBER 200513293   ORIGINAL   9

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

```
JUDGE       : Tarnow, Arthur J.
DECK        : S. Division Civil Deck
DATE        : 09/07/2004 @ 09:15:42
CASE NUMBER : 2:04CV73461
CMP LEAR AUTOMOTIVE DEARBORN V.
JOHNSON CONTROLS INC   (DA)
```

| | |
|---|---|
| LEAR AUTOMOTIVE DEARBORN, INC. and LEAR CORPORATION, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| JOHNSON CONTROLS, INC. | ) ) |
| Defendant. | ) ) |

JURY TRIAL DEMANDED

MAGISTRATE JUDGE MONA K. MAJZOUB

## COMPLAINT

Plaintiffs Lear Automotive Dearborn, Inc. ("Lear Automotive") and Lear Corporation ("Lear") complain of Defendant Johnson Controls, Inc. ("Johnson"), as follows:

### Introductory Statement

1.  This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

### The Parties

2.  Lear Automotive Dearborn, Inc., a Delaware corporation having its principal place of business at 5200 Auto Club Drive, Dearborn, Michigan 48126, is a wholly owned subsidiary of Lear Corporation. Lear Corporation is also a Delaware corporation having its principal place of business at 21557 Telegraph Road, Southfield, MI 48086.

3.  Johnson is a Wisconsin corporation with its principal place of business at 5757 North Green Bay Avenue, Milwaukee, Wisconsin 53201.

## Venue

4.   Johnson has transacted business in this judicial district by selling, offering to sell, making, using, and/or importing automotive products into this judicial district that are covered by the patents at issue in this lawsuit or by inducing others to infringe or contributing to the infringement by others and by conducting other business in this judicial district.

5.   Venue, therefore, is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

## Background of the Patented Inventions

6.   Lear and Lear Automotive are first tier suppliers to original equipment automotive manufacturers. Lear and Lear Automotive design, manufacture, and market electronic systems and sub-systems that automotive manufacturers incorporate into their production automobiles.

7.   In recent years, automotive manufacturers have desired to offer vehicles, including vehicle keyfobs, with electronic systems that allow for remote entry to the vehicle and to garages. Such devices also may allow for remote activation of home alarm systems and home lighting. Traditional systems have employed a transceiver (a transmitter and a receiver) that can be programmed to activate radio frequency (RF) devices such as garage door openers. Such systems typically send a RF signal from a number of available signals. The RF signal is recognized by a receiver which then actuates the device.

8.   Such traditional remote control systems, however, are subject to potential security breaches. Criminals may monitor and record the transmitted signal. Even scrambling the signal may not solve the security problem because the scrambled signal still can be intercepted by the criminal. An additional problem with traditional garage door transmitters is that they are not

capable of sending encrypted RF signals that are recognized by traditional home security systems.

9. Plaintiff Lear is the owner of pioneering patented inventions that have overcome the above-described problems with traditional remote control systems. For example, Lear is the owner of United States Patent no. 5,731,756 (the '756 patent), which claims an invention for a "Universal Encrypted Radio Transmitter For Multiple Functions." The claims cover, among other things, novel methods for allowing a user to actuate various home security systems (such as garage door openers, home alarm systems, home lighting systems, etc.) remotely with a universal control device. The '756 patent issued on March 24, 1998. It is valid and enforceable.

10. Lear also is the owner of United States Patent no. RE 36,181 (the '181 patent), which claims an invention for "Pseudorandom Number Generation and Cryptographic Authentication." The claims cover, among other things, novel methods of cryptographic authentication of RF transmissions from a transmitting unit to a receiving module. Such invention significantly improves the security of remote control systems. The '181 patent issued on April 6, 1999. The '181 patent is a reissue of United States Patent no. 5,363,448 that issued on November 8, 1994. The '181 patent is valid and enforceable.

11. Lear also is the owner of United States Patent no. RE 36,752 (the '752 patent), which claims an invention for "Cryptographic Authentication of Transmitted Messages Using Pseudorandum Numbers." This invention covers, among other things, novel methods for improved security in remote control systems. The '752 patent issued on June 27, 2000. The '752 patent is a reissue of United States patent 5,377,270 that issued on December 27, 1994. The '752 patent is valid and enforceable.

12.   Lear has exclusively licensed the '756 patent, the '181 patent, and the '752 patent to Lear Automotive. Lear and Lear Automotive together have standing to sue for infringement of the '756 patent, the '181 patent, and the '752 patent [hereinafter "the patents in suit"].

### Johnson Willfully Infringes The Patents In Suit

13.   Johnson competes with Lear and Lear Automotive. In recent years, Johnson has marketed a remote control system under the trade name HomeLink®. Johnson typically sells its HomeLink® system for use in automobiles. According to Johnson's internet website:

> HomeLink is an integrated transceiver (a transmitter and receiver) that can be programmed to activate radio frequency (RF) devices such as garage doors, estate/community gates, entry door locks, home/office lighting, or other RF devices. ... Through a simple training process, HomeLink duplicates the codes of the original transmitter. As a result of our relationships within the Access Control Industry, HomeLink is also capable of learning rolling (encrypted) codes.

14.   Unfortunately, Johnson's HomeLink® system infringes one or more of the claims set forth in the patents in suit. By way of example, and not as an exhaustive list, Johnson's HomeLink® system infringes claims 1 through 13 of the '756 patent, claims 23, 24, 71, and 72 of the '181 patent, and claims 53 and 59 of the '752 patent. By its manufacture, use, sale, importation and/or offer for sale of HomeLink® systems, Johnson infringes the patents in suit and/or contributes to and induces the infringement of others in violation of 35 U.S.C. 271(a) -(c).

15.   Lear notified Johnson by letter dated November 24, 2003 that its HomeLink® system infringed the patents in suit. Lear asked Johnson to cease and desist from infringing Lear's patents. When Johnson refused to cease and desist, Lear sued Johnson for patent infringement on January 26, 2004 in the United States District Court For The Eastern District of Michigan. Lear's lawsuit was styled Lear v. Johnson, Civil Action No. 04-70279. Shortly thereafter, Johnson contacted Lear and requested that Lear voluntarily dismiss its lawsuit so that

4

the parties could resolve their differences amicably. Lear agreed to do so and, on May 27, 2004, voluntarily dismissed its lawsuit without prejudice pursuant to Rule 41, Federal Rules of Civil Procedure..

16. Thereafter, Johnson failed to establish that its HomeLink® system did not infringe the patents in suit, failed to cease its infringing conduct, failed to license the patents in suit, and failed to offer compensation satisfactory to Lear. Accordingly, Lear was forced to re-file this lawsuit. As of the re-filing of this lawsuit, Johnson continues to willfully infringe the patents in suit.

## Johnson's Infringement Generates Market Power and Monopoly Profits

17. By infringing the patents in suit, Johnson has established itself as the dominant player in the market for remote control systems installed in automobiles. The HomeLink® system, which uses one or more of the methods claimed by the patents in suit, is a powerful brand name that has allowed Johnson to enjoy monopoly profits in the market for automotive remote control systems. Also by infringing the patents in suit, Johnson has acquired market power sufficient to lock up companies in the "Access Control Industry" (see Johnson's internet website statement, supra. at Para. 13) with long term exclusive contracts. For example, Lear is informed and believes that Johnson entered into a long term exclusive contract with The Chamberlain Group, the world's largest manufacturer of garage door openers.

18. When Lear attempted to develop and market a remote control system that would compete with Johnson's HomeLink® system, Lear approached The Chamberlain Group with a proposal to license The Chamberlain Group's software and algorithms for garage door openers. The Chamberlain Group, however, completely rebuffed Lear. In refusing to deal with Lear, The Chamberlain Group cited its exclusive contract with Johnson.

5

19. As a result of Johnson's infringement of the patents in suit and its anticompetitive activities, as well as its corresponding ability to lock up the market for remote security systems with its infringing HomeLink® system, Johnson has materially interfered with Lear's and Lear Automotive's efforts to compete with Johnson and has wrongfully enjoyed market power. The economic effect on Lear and Lear Automotive of Johnson's infringement is ongoing, difficult to quantify, and irreparable.

20. Unless enjoined from infringing Lear's patents in suit, Johnson will continue to irreparably harm Lear and Lear Automotive.

### Prayer For Relief

WHEREFORE, Lear and Lear Automotive pray that this Court enter judgment against Johnson and grant the following relief:

a) declare pursuant to 28 U.S.C. 2201 that the patents in suit are valid and enforceable and that Johnson infringes the patents in suit in violation of 35 U.S.C. 271;

b) permanently enjoin Johnson from infringing the patents in suit pursuant to 35 U.S.C. 283;

c) award Lear and Lear Automotive damages (including, but not limited to, the profits obtained by Johnson by reason of its infringement of the patents in suit and prejudgment interest from the date of first infringement) proximately caused by Johnson's infringement of the patents in suit pursuant to 35 U.S.C. 284;

d) award Lear and Lear Automotive enhanced damages pursuant to 35 U.S.C. 284 and attorneys fees pursuant to 35 U.S.C. 285 upon a finding that Johnson's infringement of the patents in suit was willful and that this case is exceptional; and

e) award Lear and Lear Automotive such additional relief, including recoverable costs, as allowed by law and as deemed necessary by this Court.

*[signature: Edward J. Hood]*

David M. Hayes (P14764)
Edward J. Hood (P42953)
CLARK HILL PLC
500 Woodward Avenue
Suite 3500
Detroit, MI 48226-3485
(313) 965-8300
(313) 965-8252 (fax)

Timothy J. Haller (3125265)
Paul K. Vickrey
Robert P. Greenspoon (6229357)
Frederick C. Laney
NIRO, SCAVONE, HALLER & NIRO
181 West Madison, Suite 4500
Chicago, IL 60602
(312) 236-0733
(312) 236-3137 (fax)

Kimball R. Anderson
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601
(312) 558-5858
(312) 558-5700(fax)

Attorneys for Lear Corporation and Lear Automotive Dearborn, Inc.

JS 44 11/99 **CIVIL COVER SHEET** COUNTY IN WHICH THIS ACTION AROSE: Nationwide

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

### I. (a) PLAINTIFFS
Lear Automotive Dearborn, Inc. and Lear Corporation,

### DEFENDANTS
Johnson Controls, Inc.

**04-73461**

(b) County of Residence of First Listed: Wayne

County of Residence of First Listed: Wayne

26163

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(C) Attorney's (Firm Name, Address, and Telephone Number)

David M. Hayes (P14764), Edward J. Hood (P42953)
Clark Hill PLC, 500 Woodward Avenue, Suite 3500
Detroit, MI 48226 (313) 965-8300

Attorneys (If Known)
Tarnow/MKM
73461

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" In One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

ARTHUR J. TARNOW
MAGISTRATE JUDGE MONA K. MAJZOUB

|  | PLA | DEF |
|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 |
| Citizen of Another State | [ ] 2 | [ ] 2 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 |
| Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Incorporated and Principal of Business in Another State | [ ] 5 | [ ] 5 |
| Foreign Nation | [ ] 6 | [ ] 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment and Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability

**TORTS**
PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault Libel And Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

PERSONAL INJURY
- [ ] 362 Personal Injury- Med. Malpractice
- [ ] 365 Personal Injury - Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth In Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**CIVIL RIGHTS**
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 444 Welfare
- [ ] 440 Other Civil Rights

**PRISONER PETITIONS**
- [ ] 510 Motions to Vacate Sentence Habeas Corpus:
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

**FORFEITURE/PENALTY**
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21:881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs.
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt. Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [X] 830 Patent
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS-Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce/ICC
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced & Corrupt Organizations
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes
- [ ] 890 Other Statutory Actions

8 3 0 0

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multi district Litigation
- [ ] 7 Appeal to District Judge from Magistrate

### VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Patent infringement pursuant to Title 35, United States Code

### VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
$ DEMAND
CHECK YES only if demanded in complaint: [X] Yes [ ] No

**POSSIBLE COMPANION CASE**

### VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE Paul D. Borman
DOCKET NUMBER 04-70279

DATE 8/23/04

SIGNATURE OF ATTORNEY OF RECORD: Edward J. Hood

PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed?  ☐ Yes  ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)  ☐ Yes  ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

   Notes: