UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEAR AUTOMOTIVE DEARBORN, INC.
and LEAR CORPORATION,

        Plaintiffs,

v.

        Case No. 04-73461
        Hon. Gerald E. Rosen

JOHNSON CONTROLS, INC. and
JOHNSON CONTROLS INTERIORS LLC,

        Defendants.

_____/

## ORDER STRIKING DEFENDANTS' FOUR SUMMARY JUDGMENT MOTIONS AND INSTRUCTING DEFENDANTS TO RE-FILE AS A SINGLE CONSOLIDATED MOTION

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     JAN 1 8 2006

PRESENT: Honorable Gerald E. Rosen
                United States District Judge

On January 6, 2006, Defendants filed four separate summary judgment motions in this case, arguing variously (i) that one of the patents-in-suit is invalid and unenforceable, and (ii) that Defendants' products do not infringe any of the asserted patent claims. The briefs in support of three of these motions are 20 pages in length, while the brief in support of the remaining motion is 19 pages in length. In all, then, Defendants' briefs total 79 pages in length, well over the 20-page limit set forth in Local Rule 7.1(c)(3)(A) of the Eastern District of Michigan.

The commentary to Local Rule 7.1 includes the following cautionary text:

> The 20-page limit under LR 7.1(c)(3)(A) will be strictly enforced by the Court. Attempts to circumvent the LR in any way may be considered an abusive practice which may result in the motion or response being stricken as well as sanctions being imposed under LR 11.1.

As indicated in one of its prior published decisions, this Court views the filing of several separate dispositive motions advancing discrete legal theories as just such an attempt to circumvent the Local Rule. See Rainbow Nails Enterprises, Inc. v. Maybelline, Inc., 93 F. Supp.2d 808, 810 n.1 (E.D. Mich. 2000).[1] This strategy is all the more apparent in this case, where (i) each of Defendants' four briefs logs in at precisely the 20-page limit (with the modest exception, of course, of the one brief that concludes on page 19), (ii) the same text appears verbatim in multiple briefs, and (iii) many of the same exhibits are offered in support of multiple motions. In light of all this, there is strong reason to suspect that all of Defendants' various legal challenges could be advanced in a consolidated brief that would be considerably shorter than the 79 pages that presently are devoted to this task.

Consequently, Defendants' four dispositive motions will be stricken from the docket. Defendants are instructed to file a single consolidated motion and brief in support, combining all of their arguments in a single filing. Although Defendants should,

---

[1] Another of the cautionary observations made in that case applies with equal force here: namely, that the practice of filing of virtually everything under seal — including, in this case, such items as patents issued by the U.S. Patent and Trademark Office, materials available over the Internet, and excerpts of published books — is antithetical to the "strong common law presumption in favor of public access to court proceedings and records." Rainbow Nails, 93 F. Supp.2d at 810 n.1 (internal quotation marks and citation omitted).

2

of course, endeavor to adhere to the 20-page limit, the Court is willing to entertain a motion under Local Rule 7.1(c)(3)(A) seeking a reasonable extension of this limit. In the Court's experience, such a single filing, even if over the 20-page limit, is vastly preferable to a profligacy of motions --- which, in turn, triggers multiple responses and replies, supported by escalating rounds of overlapping arguments and duplicative exhibits.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendants' four dispositive motions filed on January 6, 2006 be STRICKEN from the docket in this action. IT IS FURTHER ORDERED that, within *fourteen (14) days* of the date of this Order, Defendants may file a single consolidated motion presenting all of the grounds for an award of summary judgment in their favor.

Gerald E. Rosen
United States District Judge