UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEAR AUTOMOTIVE DEARBORN, INC.,
et al.,

        Plaintiffs,                Case No. 04-73461

v.                                      District Judge Paul D. Borman
                                        Magistrate Judge R. Steven Whalen
JOHNSON CONTROLS, INC.,

        Defendants.
_____/

**OPINION AND ORDER DENYING DEFENDANTS' MOTION TO COMPEL**

Before the Court is Defendants' Motion to Compel Production of Waived Documents in Unredacted Form [Docket #46]. For the reasons set forth below, Defendants' Motion will be DENIED.

**I.    BACKGROUND**

This is a patent case. The present motion involves U.S. Patent No. 5,731,756, referred to by the inventor's name as the "Roddy Patent," or the '756 patent. One of Defendants' defenses is that it conceived of the invention before Mr. Roddy did. Accordingly, in response to a discovery request, Plaintiff provided an Invention Disclosure Statement for the purpose of showing the "date and content of conception" of the Roddy invention. However, that document was redacted to exclude other matters as to which Lear claimed attorney-client

privilege.

Plaintiff concedes that it partially waived the privilege, but only as to "documents that reveal date and content of Mr. Roddy's conception of the asserted claims." *Plaintiff's Brief in Opposition*, p. 2. Defendant, on the other hand, relying on *Fort James v. Solo Cup Co.*, 2005 U.S. App. LEXIS 11924 (Fed.Cir. 2005), argues that the scope of the waiver is broader, and includes documents relating not only to conception date, but to diligence and reduction to practice, as well as Lear's documents concerning patent prosecution and validity.

## II.   LEGAL PRINCIPLES

In general, the attorney-client privilege is narrowly construed, because it "reduces the amount of information discoverable during the course of a lawsuit." *United States v. Collis*, 128 F.3d 313, 320 (6th Cir. 1997); *In re Grand Jury Proceedings*, 78 F.3d 251, 254 (6th Cir. 1996). Furthermore, "[t]he burden of establishing the existence of the privilege rests with the person asserting it." *United States v. Dakota*, 188 F.3d 663, 667 (6th Cir. 1999). As a general rule, the attorney-client privilege is waived by voluntary disclosure of private communications by an individual or corporation to third parties. *In re Grand Jury Proceedings, supra*, 188 F.3d at 254.

In *Fort James*, *supra* at **23, the Federal Circuit, citing *In re Grand Jury Proceedings* as well as numerous other cases, stated, "The widely applied standard for determining the scope of a waiver of attorney-client privilege is that the waiver applies to all other communications relating to the same subject matter."

## III.   APPLICATION

I find that although the Plaintiff's production of the Invention Disclosure Statement operated as a partial waiver of the attorney-client privilege, the scope of the waiver, i.e., the subject matter encompassed by the disclosure, is much more limited than Defendant claims. The subject matter of the communication that was disclosed is the date and content of conception of the Roddy invention, and the scope of the waiver is necessarily limited to that subject. It does not extend, as Defendant asserts, to "all documents related to the Roddy invention and the drafting, filing or prosecution of the Roddy patent." *Defendant's Brief*, p. 4. It does not extend to documents related to patent prosecution and validity, which are distinct from the issue of conception. It does not extend to documents relating to projects on which Mr. Roddy was working other than the '756 patent, and it does not extend to documents created after October 10, 1996, the date the Roddy patent application was filed.

Defendant's reliance on *Fort James* is misplaced. A critical aspect of the *Fort James* decision was that in attempting to make a limited disclosure of privileged material, the plaintiff failed to redact other privileged information, thereby broadening the subject matter of the waiver beyond the intended scope. Lear has not opened that door. Rather, the Plaintiff scrupulously redacted information not related to Mr. Roddy's date and content of conception of the '756 patent, carefully limiting its waiver in a way the plaintiffs in *Fort James* did not. To accept the Defendant's position would be to turn *Fort James* on its head, and effectively nullify the concept of limited waiver.

Accordingly, Defendant's Motion to Compel [Docket #46] is DENIED.

SO ORDERED.

                S/R. Steven Whalen
                R. STEVEN WHALEN
                UNITED STATES MAGISTRATE JUDGE

Dated: March 28, 2006

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on March 28, 2006.

                S/Gina Wilson
                Judicial Assistant