**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

LEAR AUTOMOTIVE DEARBORN, INC.
and LEAR CORPORATION,

  Plaintiffs,         Case No. 04-73461
                Hon. Gerald E. Rosen

v.

JOHNSON CONTROLS, INC. and
JOHNSON CONTROLS INTERIORS LLC,

  Defendants.
_____/

**ORDER DENYING
PLAINTIFFS' MOTION FOR RECONSIDERATION**

    At a session of said Court, held in
    the U.S. Courthouse, Detroit, Michigan
    on   December 5, 2007

    PRESENT: Honorable Gerald E. Rosen
            United States District Judge

In an opinion and order dated November 2, 2007, the Court granted in part the motion of Defendants Johnson Controls, Inc. and Johnson Controls Interiors LLC (collectively "JCI") for summary judgment as to the noninfringement and invalidity of certain claims of U.S. Patent No. 5,731,756 (the "Roddy patent") held by Plaintiffs Lear Automotive Dearborn, Inc. and Lear Corporation (collectively "Lear"). Through the present motion, filed on November 16, 2007, Lear now seeks reconsideration of one aspect of this ruling. For the reasons stated below, the Court denies this motion.

Lear's present motion is directed at the Court's determination that claim 4 of the Roddy patent is invalid as anticipated by U.S. Patent No. 5,661,804 (the "Dykema patent"). The Court, like Lear, finds it helpful to summarize the parties' arguments on this issue as set forth in the briefs in support of and opposition to JCI's summary judgment motion. In its initial brief, JCI contended that the Dykema patent qualified as prior art with respect to the Roddy patent because, even assuming that Timothy Roddy conceived his invention prior to the June 27, 1995 filing date of the Dykema patent application, there was no evidence of Mr. Roddy's diligence in reducing this invention to practice. Lear, in turn, denied that the Dykema patent qualified as prior art, asserting (i) that there was no legal basis for JCI's posited requirement of diligence in reduction to practice, and (ii) that, under the proper "ready for patenting" standard articulated by the Supreme Court in Pfaff v. Wells Electronics, Inc., 525 U.S. 55, 119 S. Ct. 304 (1998), Mr. Roddy's purported "invention date" of May 9, 1995 predated the filing date for the Dykema patent. Finally, JCI argued in its reply brief (i) that the Pfaff standard was inapplicable, and (ii) that, in any event, Lear's evidence of Mr. Roddy's mere conception on May 9, 1995 did not meet Pfaff's "ready for patenting" test for determining an "invention" date under 35 U.S.C. § 102(e)(2).

In its November 2 opinion and order, the Court agreed with Lear that Pfaff's "ready for patenting" standard governed the determination whether the Dykema patent qualified as prior art, thereby obviating any need to inquire whether Mr. Roddy had been

2

diligent in reducing his invention to practice. Nonetheless, the Court further agreed with JCI's contention in its reply brief that Lear had failed to identify any basis in the record for its claim — as explicitly advanced at several points in its response brief, (see Lear's Response Br. at 16-17) — that the "fully-corroborated" and "undisputed" evidence established Mr. Roddy's "invention date" of May 9, 1995. Because the sole evidence offered by Lear on this subject established only Mr. Roddy's mere *conception* of his invention on that date, and could not plausibly be viewed as demonstrating the *further* proposition that his invention was ready for patenting at that point, the Court concluded that the Dykema patent qualified as prior art.

Lear contends in its present motion that the Court improperly faulted (and ruled against) Lear for failing to produce evidence on a point that JCI did not raise in its initial summary judgment brief, but instead purportedly "conceded" to Lear — namely, that Mr. Roddy conceived his invention prior to the June 27, 1995 filing date for the Dykema patent. In Lear's view, once the Court accepted its argument that JCI's challenge to Mr. Roddy's diligence was legally irrelevant, any further consideration of the Dykema patent should have come to an end. Instead, the Court proceeded to inquire — improperly, in Lear's view — whether Mr. Roddy's invention predated the filing date for the Dykema patent under the Pfaff standard advocated by Lear.

There are a number of problems with Lear's present challenge. First and foremost, it rests upon an unduly narrow characterization of the issue raised in JCI's

3

summary judgment motion and argued in the parties' briefs. This issue, quite simply, was whether the Dykema patent qualified as prior art, such that it invalidated claim 4 of the Roddy patent under § 102(e)(2) in the event that the Court determined (as it subsequently did) that the Dykema patent disclosed each element of claim 4. The parties very plainly understood and agreed that this was the question presented for the Court's resolution — the pertinent portion of JCI's initial summary judgment brief was captioned "The Dykema Patent Is Prior Art Under Section 102(e)," and the relevant portion of Lear's response, in turn, was captioned "Dykema is Not Prior Art." Under this shared understanding, the parties debated, and the Court decided, two subissues: (i) which legal standard should govern the prior art determination, and (ii) whether the record, viewed in a light most favorable to Lear as the non-moving party, established as a matter of law that the Dykema patent qualified as prior art under the applicable standard.

Nothing in Lear's response to JCI's motion evidenced its belief that the Court's inquiry should or would be more limited. Lear did not, for example, merely assert that JCI's challenge to Mr. Roddy's diligence was legally irrelevant and leave it at that. Rather, and as noted above, Lear affirmatively asserted that the "undisputed" evidence "conclusively" resolved the question in *its* favor, establishing that Mr. Roddy's purported "invention date" of May 9, 1995 preceded the Dykema filing date of June 28, 1995. (Lear's Response Br. at 16.) What is more, Lear attached as an exhibit to its response the documents which, in its view, conclusively proved a May 9, 1995 invention date.

4

(See Lear's Response, Ex. H.)[1]  Having opened the door and invited the Court to resolve the prior art determination under the Pfaff standard, Lear cannot seriously be heard to complain that the Court accepted this invitation and proceeded to consider whether this standard was met under the record offered by Lear itself.

Beyond this fundamental flaw in the premise underlying the present motion, Lear advances at least two other dubious assertions.  Lear suggests, first, that the Court improperly disregarded JCI's purported "stipulation" in the brief in support of its summary judgment motion that "Roddy's conception *and invention* disclosures pre-dated Dykema." (Lear's Motion for Reconsideration, Br. in Support at 6 (emphasis added).)  In fact, JCI stated in the pertinent portion of its brief that it was "assuming, for purposes of this motion, that Mr. Roddy *did conceive* his invention prior to June, 27, 1995."  (JCI's Summary Judgment Motion, Br. in Support at 20-21 (second emphasis added).)  As the Supreme Court emphasized in Pfaff, 525 U.S. at 66, 119 S. Ct. at 311, and as this Court echoed in its November 2 opinion, (see 11/2/2007 Op. at 43), "[t]he word 'invention' must refer to a concept that is complete, rather than merely one that is 'substantially complete.'"  JCI's "stipulation," then, by no means acknowledged an "invention" date of May 9, 1995, and the Court did not err by proceeding to address this

---

[1]Similarly, in the packet of materials provided for the Court's review at oral argument, Lear devoted four pages to the proposition that the Dykema patent was not prior art because Mr. Roddy's "invention" purportedly predated the Dykema filing date, and it cited the very same documents attached to its response as proof of this assertion.

5

disputed and legally relevant question.[2]

Lear next insists that, in reaching and resolving this question, the Court impermissibly shifted the ultimate burden of persuasion from JCI to Lear on the issue of the Roddy patent's validity. Again, however, this contention rests upon a mischaracterization of the issue presented for the Court's resolution and the arguments advanced by the parties on this subject. As recounted earlier, JCI asserted in its motion that the Dykema patent qualified as prior art because the record was insufficient as a matter of law to establish Mr. Roddy's "invention" — at least as JCI construed this term — prior to the date that the Dykema application was filed. Lear responded by producing what it characterized as "conclusive[]" evidence of Mr. Roddy's prior invention, when viewed in light of the legal standard advocated by Lear. The Court then accepted a portion of each party's argument, applying the standard urged by Lear but nonetheless concluding that the record, when viewed in a light most favorable to Lear, could not reasonably be found to demonstrate an "invention" that predated the Dykema filing date.

Nothing in this course of action operated to shift the burden from JCI to Lear as to the issue of invalidity. At no point did the Court require Lear to put forward evidence proving that Mr. Roddy's invention preceded the Dykema filing date. Neither was the Court precluded, however, from reviewing the evidence that Lear *did* produce to

---

[2]Notably, in doing so, the Court found that Lear's claim of an "invention" date of May 9, 1995 rested upon the same false equivalence that is evident in its present motion, and that Pfaff plainly debunks — namely, that "conception" and "invention" are one and the same.

6

determine whether it established the proposition affirmatively advanced by Lear — namely, that this evidence established the question of priority in *Lear's* favor as a matter of law. Upon doing so, the Court agreed with JCI's assertion in its reply brief that the record established as a matter of law that Mr. Roddy's invention was merely conceived prior to the Dykema filing date, but was not "ready for patenting" under the test set forth in Pfaff.

Against this procedural backdrop, the most that can be said is that Lear perhaps did not expect the Court to apply the Pfaff standard to the record before it, notwithstanding that Lear both advocated this standard and claimed that the record "conclusively" satisfied it. Even if so, the appropriate remedy would be to permit an additional opportunity for the parties to address this issue and supplement the pertinent portion of the record. Tellingly, however, Lear does not suggest that it has any further evidence to offer on the question, but instead continues to insist that the documents it submitted in response to JCI's motion establish that Mr. Roddy's invention was "ready for patenting" on or before May 9, 1995. (See Lear's Motion for Reconsideration, Br. in Support at 2.)[3] The Court has held to the contrary as a matter of law, and Lear acknowledges that its mere disagreement with this ruling does not provide a basis for granting its present motion.

---

[3]Likewise, in the packet of materials presented to the Court at oral argument, Lear pointed to the "new argument" JCI had raised in its reply brief, but then chose to rebut it under the existing record rather than seek an opportunity to submit additional evidence. (See Lear's Hearing Exhibits at 28.)

Accordingly,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiffs' November 16, 2007 motion for reconsideration is DENIED.

s/Gerald E. Rosen<br>
Gerald E. Rosen<br>
United States District Judge

Dated: December 5, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 5, 2007, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry<br>
Case Manager