UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEAR AUTOMOTIVE DEARBORN, INC.
and LEAR CORPORATION,

    Plaintiffs,                                  Case No. 04-73461
                                                 Hon. Gerald E. Rosen

v.

JOHNSON CONTROLS, INC. and
JOHNSON CONTROLS INTERIORS LLC,

    Defendants.
_____/

**OPINION AND ORDER DENYING CROSS-MOTIONS UNDER
FED. R. CIV. P. 50(a) FOR JUDGMENT AS A MATTER OF LAW**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     February 23, 2011

PRESENT: Honorable Gerald E. Rosen
                      Chief Judge, United States District Court

Prior to the submission of this case to the jury, Plaintiffs Lear Automotive Dearborn, Inc. and Lear Corporation (collectively "Lear") and Defendants Johnson Controls, Inc. and Johnson Controls Interiors LLC (collectively "JCI") each moved under Fed. R. Civ. P. 50(a) for judgment in their favor as a matter of law. The Court addressed these motions on February 8, 2011, just after the last witness had testified at trial. For the reasons stated on the record at that time, (*see* 2/8/2011 Trial Tr. at 207-08), as supplemented by the brief discussion below, the Court finds that both Lear's and JCI's motions must be denied.

Turning first to JCI's motion, JCI argues that Lear failed as a matter of law to establish either direct infringement by one or more users of JCI's "HomeLink" product or JCI's inducement of any such infringement. As to the first of these points, the jury could permissibly and reasonably infer that at least one HomeLink consumer used the device in an infringing manner, based on a combination of survey data of consumer use of HomeLink (which the Court held admissible in an opinion issued during the trial) and evidence of the number of rolling-code add-on receivers distributed to HomeLink customers during the relevant time period. Regarding the issue of inducement, the jury could permissibly have resolved this question in Lear's favor by crediting, and drawing inferences favorable to Lear from, the testimony and evidence showing that JCI provided instructions to its HomeLink customers and fix kit recipients which, if followed in the proper combination, would have encouraged HomeLink users to employ the device in an infringing manner.

Next, JCI contends that Lear failed as a matter of law to establish infringement under the doctrine of equivalents, where the decryption operation performed by JCI's HomeLink product is, in JCI's view, the exact opposite of the encryption operation required under the patent-in-suit, U.S. Patent No. 5,731,756 (the "Roddy patent"). Yet, while JCI's expert, Dr. Shafi Goldwasser, testified that these encryption and decryption operations were not equivalent, Lear's expert, Dr. Aviel Rubin, testified that these two approaches were interchangeable and functionally equivalent. Resolving this "battle of the experts" was a task for the jury, and was not for the Court to decide as a matter of law.

JCI next argues that it produced clear and convincing evidence at trial that claims 5 through 7 of the Roddy patent are invalid as obvious. Again, however, while JCI introduced the testimony of expert Carl Heitschel that a person of ordinary skill in the relevant field would have been prompted to combine aspects of various prior art references to arrive at each of the elements of claims 5 through 7 of the Roddy patent, the jury need not have credited this testimony, which the Court itself characterized as "underwhelm[ing]." (2/8/2011 Trial Tr. at 208.) Instead, from the evidence presented at trial, the jury reasonably could have concluded that it was not obvious to combine the prior art in this manner.

Finally, JCI contends that Lear failed as a matter of law to produce evidence from which the jury permissibly could have calculated a reasonable royalty owed to Lear to compensate for the infringing use of JCI's HomeLink product. This argument, however, simply revisits JCI's pretrial challenge to the methodology employed by Lear's damages expert, Joseph Gemini, in formulating a theory of damages. The Court held in a January 20, 2011 opinion that Mr. Gemini's proposed testimony survived scrutiny under Fed. R. Evid. 702 and the Supreme Court's ruling in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S. Ct. 2786 (1993), and nothing in Mr. Gemini's actual testimony at trial would lead the Court to depart from this pretrial ruling. Accordingly, the Court finds that JCI has failed to establish its entitlement to judgment as a matter of law under Fed. R. Civ. P. 50(a) on any of the grounds advanced in its motion.

Turning next to the pair of Rule 50(a) motions brought by Lear, Lear argues in the

first of these motions that it is entitled to judgment as a matter of law on the issue of patent infringement. As noted earlier, however, in order to conclude that at least one HomeLink consumer used his or her HomeLink unit in a manner that infringed the Roddy patent, the jury necessarily had to credit the wholly circumstantial evidence offered by Lear on this point, and then had to draw inferences favorable to Lear from this evidence that would support Lear's probabilistic theory of direct infringement. While the verdict at trial indicates that the jury accepted Lear's view of the evidentiary record, the jury plainly was not compelled to do so. Similarly, as to the "battle of the experts" regarding Lear's claim of infringement under the doctrine of equivalents, the jury was free to adopt the view of either side's expert as to whether the "encryption" approach set out in the Roddy patent was equivalent to the "decryption" approach used in JCI's HomeLink product. There simply is no basis for the Court to choose one party's expert over the other's and award judgment as a matter of law on this issue.

      This leaves only Lear's motion arguing that JCI failed as a matter of law to establish its affirmative defense of patent invalidity. As noted above, however, JCI offered expert testimony in support of this affirmative defense, and Lear fails to persuade the Court that this testimony was manifestly insufficient as a matter of law to establish that claims 5 through 7 of the Roddy patent were invalid for obviousness. Rather, the Court readily concludes that it was within the province of the jury to determine the weight to be given to the testimony of Mr. Heitschel. Consequently, Lear, like JCI, has failed to identify a basis for the Court to enter judgment as a matter of law under Rule 50(a).

For these reasons, as well as the reasons stated on the record at trial,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendants' February 1, 2011 motion for judgment as a matter of law (docket #220) is DENIED.  IT IS FURTHER ORDERED that Plaintiffs' February 8, 2011 motion for judgment as a matter of law as to infringement (docket #230) is DENIED.  Finally, IT IS FURTHER ORDERED that Plaintiffs' February 8, 2011 motion for judgment as a matter of law as to validity (docket #231) is DENIED.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  February 23, 2011


I hereby certify that a copy of the foregoing document was served upon counsel of record on February 23, 2011, by electronic and/or ordinary mail.

s/Ruth A. Gunther
Case Manager